1

## UNITED STATES DISTRICT COURT

2

## EASTERN DISTRICT OF WASHINGTON

3

4
                                        Case No. CV-12-217-JPH

5

JERRY MUNROE,

6
                    Plaintiff,           ORDER GRANTING DEFENDANT'S

7                                        MOTION FOR SUMMARY
vs.                                      JUDGMENT

8
CAROLYN W. COLVIN, Acting

9   Commissioner of Social Security,

10                  Defendant.

11

12       **BEFORE THE COURT** are cross-motions for summary judgment. ECF

13  Nos. 14 and 20. Attorney Maureen J. Rosette  represents plaintiff  (Munroe).

    Special Assistant United States Attorney Summer Stinson represents defendant
14
    (Commissioner). The parties consented to proceed before a magistrate judge. ECF
15
    No.  6. After reviewing the administrative record and the briefs filed by the parties,
16
    the court **grants** defendant's motion for summary judgment, ECF No. 20.
17

## JURISDICTION
18

19       Munroe protectively applied for disability insurance benefits (DIB) on March

    30, 2011,  alleging onset as of January 1, 2010 (Tr. 128-34). His claim was denied
20
    initially and on reconsideration (Tr. 99-101, 105-06).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 1

Administrative Law Judge (ALJ) R. J. Payne held a hearing January 3, 2012. Munroe, represented by counsel, and a medical expert testified (Tr. 32-79).   On January  6, 2012, the ALJ issued an unfavorable decision (Tr. 21-26). The Appeals Council denied review March 19, 2012 (Tr. 1-5), making the ALJ's decision final. Munroe filed this appeal pursuant to 42 U.S.C. §§ 405(g) on April 24,  2012. ECF No. 2, 5.

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the parties' briefs. They are only briefly summarized here and throughout this order as necessary to explain the Court's decision.

Munroe was 53 years old at onset and 55 at the hearing. He graduated from high school and completed courses in diesel mechanics and electronics (Tr. 44). He has worked a painter and last worked in December 2010 of January 2011 (Tr. 45-49, 171, 180, 210, 227). Munroe alleges physical and mental limitations (Tr. 184), but on appeal he challenges only the ALJ's findings of physical limitations.

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 2

1   U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall

2   be determined to be under a disability only if any impairments are of such severity

3   that a plaintiff is not only unable to do previous work but cannot, considering

4   plaintiff's age, education and work experiences, engage in any other substantial

5   work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A),

6   1382c(a)(3)(B). Thus, the definition of disability consists of both medical and

7   vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

8       The Commissioner has established a five-step sequential evaluation process

9   for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step

10  one determines if the person is engaged in substantial gainful activities. If so,

11  benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the

12  decision maker proceeds to step two, which determines whether plaintiff has a

13  medially severe impairment or combination of impairments. 20 C.F.R. §§

14  404.1520(a)(4)(ii), 416.920(a)(4)(ii).

15      If plaintiff does not have a severe impairment or combination of impairments,

16  the disability claim is denied. If the impairment is severe, the evaluation proceeds to

17  the third step, which compares plaintiff's impairment with a number of listed

18  impairments acknowledged by the Commissioner to be so severe as to preclude

19  substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20

20  C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 3

impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 4

1

**STANDARD OF REVIEW**

2    Congress has provided a limited scope of judicial review of a Commissioner's

3 decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

4 made through an ALJ, when the determination is not based on legal error and is

5 supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.

6 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's]

7 determination that a plaintiff is not disabled will be upheld if the findings of fact are

8 supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.

9 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla,

10 *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a

11 preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989).

12 Substantial evidence "means such evidence as a reasonable mind might accept as

13 adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401

14 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner]

15 may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*,

16 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a

17 whole, not just the evidence supporting the decision of the Commissioner. *Weetman*

18 *v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525,

19 526 (9th Cir. 1980)).

20    It is the role of the trier of fact, not this Court, to resolve conflicts in evidence.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 5

1   *Richardson*, 402 U.S. at 400. If evidence supports more than one rational

2   interpretation, the Court may not substitute its judgment for that of the

3   Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th

4   Cir. 1984).  Nevertheless, a decision supported by substantial evidence will still be

5   set aside if the proper legal standards were not applied in weighing the evidence and

6   making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d

7   432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the

8   administrative findings, or if there is conflicting evidence that will support a finding

9   of either disability or nondisability, the finding of the Commissioner is conclusive.

10  *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## ALJ'S FINDINGS

12  ALJ Payne found Munroe met the insured status requirements of the Act and

13  was insured through March 31, 2015. At step one he found Munroe worked after

14  onset, but the hours worked had previously been deemed an unsuccessful work

15  attempt  (Tr.  21, 23, 180, 195).  At steps two and three, the ALJ found Munroe

16  suffers from a long history of skin lesion removal; history of neck surgery with

17  evidence of solid fusion and no current complaints; and history of shoulder surgery

18  with no limitations, impairments that are medically indicated [and presumably

19  severe since the ALJ continued the evaluation] but do not meet or medically equal a

20  Listed impairment  (Tr. 23, 24). The ALJ found Munroe is able to perform a range

ORDER GRANTING DEFENDANT'S MOTION

FOR SUMMARY JUDGMENT ~ 6

of light work  (Tr. 24).  At step four, the ALJ found Munroe is able to perform his past relevant work as a painter (Tr. 26-26). Accordingly, at step four the ALJ found Munroe is not disabled as defined by the Act  (Tr. 26).

## ISSUES

Munroe alleges the ALJ erred when he assessed credibility, weighed the medical evidence and  failed to call a vocational expert to testify. ECF No. 15 at 7. He also alleges that when new evidence submitted to the Appeals Council is credited, application of the Grids, Medical-Vocational Rule 202.06, directs finding him disabled. ECF No. 15 at 8-10. The Commissioner responds that the ALJ's findings are factually supported and free of harmful legal error. The new evidence, she argues, is not material and does not create a reasonable probability of changing the result. She asks us to affirm. ECF No. 21 at 2, 15.

## DISCUSSION

*A. Credibility*

Munroe alleges his own testimony shows he is more physically limited than the ALJ found, implying the ALJ's credibility assessment is flawed. ECF No. 15 at 6.  The Commissioner answers that the ALJ appropriately relied on Munroe's daily activities, inconsistent statements and medical evidence inconsistent with subjective complaints. ECF No. 21 at 6, citing Tr. 25.

When presented with conflicting medical opinions, the ALJ must determine

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 7

credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's credibility findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ properly assessed credibility. He notes Munroe has sought very minimal medical treatment. In July 2011, A. Peter Weir, M.D., reviewed x-rays and examined Munroe. Dr. Weir opined Munroe has no functional limitations. Allegedly severe physical limitations are contradicted by normal findings on examination, including normal muscle strength in all limbs, normal muscle tone and bulk, as well as normal sensation and reflexes. Medical expert Reuben Beezy, M.D., reviewed the record. He testified Munroe has the RFC to perform a range of light work. Daily activities are inconsistent with allegedly disabling physical limitations. Munroe lives alone. He shops, drives, cooks, cleans and does laundry. For pain he takes only over the counter pain medication. Objective test results and activities are inconsistent

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 8

with claimed limitations of constant pain and fatigue. (Tr. 23, 25-26, 37-38, 52, 54, 56-58, 63, 68, 70, 74, 228-31, 246, 249, 251, 256-58, 349).

At the hearing Munroe testified he was receiving unemployment benefits. He looked for at least one job a day. Receipt of unemployment benefits requires an applicant to certify that they are ready, willing and able to work  (Tr. 25, 64, 68, 73, 135, 137, 143, 145, 149, 161 153).

The ALJ's reasons are clear, convincing and supported by substantial evidence. Although lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ can consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).  *See also Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (extent of daily activities properly considered);  *Burch,* 400 F.3d at 680 (lack of consistent treatment properly considered); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)(if claimant performs activities involving many of the same physical tasks as a particular type of job it "would not be farfetched for an ALJ to conclude that the claimant's pain does not prevent the  claimant from working").

Munroe testified he did not seek medical treatment for ankle pain for two years because he had no insurance and some places he contacted were "booked up" (Tr. 62). The ALJ was entitled to give this testimony little weight based on the evidence as a whole.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 9

Even when evidence reasonably supports either confirming or reversing the ALJ's decision, we may not substitute our judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).                              .

*B. ME's testimony*

Munroe alleges the ALJ failed to properly credit the ME's opinion. ECF No. 15 at 6-7. The Commissioner responds that the ALJ credited Dr. Beezy's opinion and adopted an RFC consistent with the doctor's. And, because Dr. Beezy's opinion is largely supported by Dr. Weir's, the ALJ properly relied on it. ECF No. 21 at 7-8.

The Commissioner is correct. Dr. Beezy opined Munroe's reported fatigue and sleep problems are likely caused by sleep apnea, for which Munroe has not been tested (Tr. 35-37, 240, 242). He opined Munroe could perform light work and should be limited to occasional reaching with his left (non-dominant) arm above shoulder height (Tr. 51-52).

The ALJ found Munroe can perform light work (Tr. 14) and has limitations for reaching with the left arm "frequently but not repetitively" (Tr. 24). This RFC is based on the opinion of Dr. Beezy, who opined the limitation is greater; the opinion of Dr. Weir, who found *no* functional limitations; the opinion of reviewing agency doctors; Munroe's diminished credibility, and the record as a whole (Tr. 24-26, 37-38, 96, 230). Because the ALJ's RFC findings are consistent with medical opinions

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 10

1   and records, there is no error. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223

2   (9th Cir. 2010).

3        *C. Step four and failure to call VE*

4        Munroe alleges the ALJ erred at step four when he found Munroe is able to

5   perform his past work as a painter, and should have consulted a VE before making

6   this determination. ECF No. 15 at 5-7. The Commissioner responds that Munroe

7   failed to meet his burden at step four. ECF No. 21 at 10-12.

8        Whether a VE is required turns on the severity of a claimant's non-exertional

9   limitations. *Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007), citing *Desrosiers*

10  *v. Sec'y of Health and Human Servs.*, 846 F.2d 573, 577 (9th Cir. 1988). While a

11  VE's testimony may be useful at step four, it is not required. *Matthews v. Shalala,*

12  10 F.3d 678, 681 (9th Cir. 1993). The burden remains with the claimant at step four

13  to establish they are unable to perform any past relevant work. *Id.*

14       Here, the ALJ relied on the medical evidence and Munroe's reports of how he

15  performed his past work as a painter (Tr. 25-26, 43-52, Exhibit 2E, Tr. 186). This

16  was appropriate. *See Matthews*, 10 F.3d at 681. The ALJ also considered that

17  Munroe worked as a painter after onset, indicating some ability to perform the work.

18  Moreover, the ALJ notes that on two occasions Munroe indicated his employment

19  ended "due to the economy" rather than because of his medical condition (Tr. 26,

20  *citing* Exhibit 3E at Tr. 190-91; *see also* Tr. 184, 186, 227). This evidence also

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 11

supports the ALJ's step four finding.

Although Munroe alleges the ALJ should have weighed the evidence differently, the ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

### D. New evidence and Remand

Munroe alleges the new evidence submitted to the Appeals Council should be credited, and when it is, he should be found disabled pursuant to Medical-Vocational Rule 202.06. ECF No. 15 at 8-10.  The Commissioner answers that the new evidence is not material and Munroe fails to show good cause for failing to produce the evidence sooner. Further, remand is not required because the new evidence does not create a reasonable probability of changing the outcome. ECF No. 21 at 12-15

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 12

The new evidence is the opinion of a VE dated February 29, 2012 (Tr. 217-18). The hearing was held January 3, 2012. This VE opined that the DOT lists frequent reaching for a commercial painter (Tr. 218), which is the limitation the ALJ assessed (Tr. 24). Even if this evidence is considered, it does not create a reasonable probability of changing the outcome.

Because the ALJ's determinations are supported by the record and free of harmful legal error, and the evidence submitted to the Appeals Council does not create a reasonable probability of changing the outcome, remand is unnecessary.

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED:**

Defendant's motion for summary judgment, **ECF No. 20**, is **granted.**

Plaintiff's motion for summary judgment, ECF No. 14, is denied.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant and **CLOSE** the file.

DATED this 8th day of October, 2013.

_S/ James P. Hutton_

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 13